Shirley L. **MATTINGLY**, Respondent,

v.

Betty L. **ORCUTT**, Appellant.

No. 46774.

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 31, 1984.

James D. Edgar, St. Louis, for appellant.

Peter J.J. Rabbitt, St. Louis, for respondent.

CRANDALL, Judge.

Respondent Shirley L. Mattingly, the personal representative of the estate of Lelvin H. Mattingly, deceased, commenced this action in equity to determine the title and right to possession of assets of the deceased's accounting and management business in which appellant Betty L. Orcutt claimed a partnership interest. The principal issue before the trial court was whether the late Mr. Mattingly's business was a sole proprietorship with Ms. Orcutt as an employee, or a partnership with Mr. Mattingly and Ms. Orcutt as the partners at the time of Mr. Mattingly's death. The trial court determined that Mr. Mattingly's business was a sole proprietorship and entered judgment accordingly, including judgment against Ms. Orcutt for $100,802 representing the amounts of business accounts receivable, cash on hand, and business checking accounts under her control.

Two of appellant's three points on appeal assail the evidentiary basis for the trial court's judgment. However, after carefully reviewing the record, briefs, and oral arguments of the parties, we conclude the trial court's finding that Mr. Mattingly's business was a sole proprietorship was supported by substantial evidence, is not against the weight of the evidence, and no error of law appears. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). As an extended opinion on that issue would have no precedential value, the judgment to that extent is affirmed in accordance with Rule 84.16(b).

Appellant next contends, and respondent concedes, that the amount of the judgment entered against her was incorrect. The judgment is therefore modified by reducing the amount thereof against appellant from $100,802 to $61,445.82. Section 512.160(3), RSMo (1978).

The judgment of the trial court is affirmed as modified.

KAROHL, P.J., and REINHARD, J., concur.